# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**MURRAY AMERICAN ENERGY, INC.,**
**Employer Below, Petitioner**

**FILED**
February 21, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0004** (BOR Appeal No. 2052904)
(Claim No. 2017007930)

**BEAU BARTLETT,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Murray American Energy, Inc., by Counsel Denise D. Pentino, Aimee M. Stern, and Eli T. Humphries, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Beau Bartlett, by Counsel J. Thomas Green Jr., filed a timely response.

The issue on appeal is temporary total disability benefits. The claims administrator closed the claim for temporary total disability benefits on December 28, 2017. The Office of Judges reversed the decision in its May 1, 2018, Order and granted temporary total disability benefits from the date that Mr. Bartlett last received them through January 15, 2018. The Order was affirmed by the Board of Review on December 3, 2018.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Bartlett, a coal miner, was injured in the course of his employment on September 21, 2016. Treatment notes from Fairmont Regional Medical Center that day indicate Mr. Bartlett reported pain in the middle of his left thigh. He was diagnosed with left hip sprain. The Employees' and Physicians' Report of Injury was also completed that day and indicates Mr. Bartlett sustained a left hip sprain in the course of his employment. He was released to return to work on September 28, 2016.

Mr. Bartlett was treated by John Manchin II, D.O., on September 22, 2016. The treatment note indicates he reported left hip tenderness with severe pain when flexing and twisting his left

1

leg. Dr. Manchin diagnosed left groin pain and recommended an MRI. The claim was held compensable for left hip sprain on October 7, 2016. Mr. Bartlett underwent physical therapy at Mountain State Physical Therapy. It was noted on November 2, 2016, that his symptoms were consistent with a left hip flexor strain and sacroiliac joint dysfunction. He was unable to work.

David Soulsby, M.D., performed an evaluation on November 10, 2016, in which Mr. Bartlett reported left hip pain and a feeling that his left leg was too long. Dr. Soulsby noted that when he stood, his legs were of equal length but the trunk was shifted significantly to the left. Dr. Soulsby diagnosed left hip strain with abduction contracture. He recommended an MRI and additional physical therapy. A left hip MRI was performed on December 5, 2016, and showed avascular necrosis of the left hip with associated changes. It was noted that superimposed septic joint could have a similar appearance so the findings should be clinically confirmed. In a December 5, 2016, addendum report, Dr. Soulsby stated that he reviewed the MRI, which showed avascular necrosis of the hip with a crescent sign. Dr. Soulsby stated that Mr. Bartlett should be referred to an orthopedic surgeon and would likely require a total hip replacement. After that, he would need four to six months to recover before he could return to work.

Chad Micucci, M.D., treated Mr. Bartlett on January 9, 2017, and noted that he reported physical therapy greatly improved his symptoms. Dr. Micucci reviewed the x-rays and MRI and diagnosed left hip avascular necrosis with joint space narrowing. He recommended hyperbaric oxygen therapy. In a February 1, 2017, treatment note, Matthew Dietz, M.D., opined that he was not fully convinced that Mr. Bartlett has avascular necrosis of the left hip. Dr. Dietz stated that an alternative diagnosis is torn labrum. He recommended continued physical therapy and follow up in six months.

On February 21, 2017, Dr. Manchin stated that Mr. Bartlett underwent physical therapy, had seen great improvement in his symptoms, and could return to work on February 28, 2017. Mr. Bartlett was again evaluated by Dr. Soulsby on March 14, 2017. Dr. Soulsby noted that he had returned to full duty work. Mr. Bartlett continued to have pain in his left groin. Dr. Soulsby reviewed the MRI and stated that it showed stage II avascular necrosis of the left femoral head. He opined that Mr. Bartlett had reached maximum medical improvement. He stated that he needed to be seen every six months to monitor his condition. The claims administrator closed the claim for temporary total disability benefits on April 11, 2017.

In a May 30, 2017, claim reopening application, Mr. Bartlett alleged an aggravation/progression of his compensable injury. He stated that he stopped working on May 21, 2017. Dr. Manchin completed the physician's section and diagnosed a left hip sprain. He stated that Mr. Bartlett was unable to bear weight on his left leg and that an x-ray showed cartilage thinning and a darker spot on the hip bone. The claims administrator approved a left hip arthrogram on June 1, 2017.

Mr. Bartlett was seen by Dr. Manchin on July 3, 2017, and July 12, 2017. In the treatment notes, Dr. Manchin stated that Mr. Bartlett was in intense pain and could barely walk. He was using a cane. Dr. Dietz noted on July 12, 2017, that Mr. Bartlett had increased left hip pain, limited range of motion, and a significant limp. An x-ray showed advancement of the avascular necrosis.

2

Dr. Dietz opined that an MRI was now unnecessary, as it would not change his treatment recommendation. He stated that Mr. Bartlett needed a total hip replacement. He was unable to return to work. Treatment notes by Dr. Manchin between July 24, 2017, and August 17, 2017, indicate Mr. Bartlett was temporarily and totally disabled from May 22, 2017, through August 17, 2017, due to osteonecrosis of the left hip. The claims administrator denied a request to reopen the claim for temporary total disability benefits on August 8, 2017. It stated that Dr. Soulsby found Mr. Bartlett to be at maximum medical improvement and that without surgery, he was at a treatment plateau.

Treatment notes by Dr. Manchin indicate Mr. Bartlett's left hip condition made it very difficult for him to perform his activities of daily living. On September 18, 2017, Dr. Manchin stated that Dr. Dietz wanted Mr. Bartlett to rest. There was no real treatment for him but a total hip replacement. Dr. Manchin noted on October 2, 2017, that Mr. Bartlett could not work due to hip pain. He stated that Mr. Bartlett's specialists agreed that a total hip replacement was the only treatment available for him. He remained temporarily and totally disabled. On October 11, 2017, Dr. Dietz noted that Mr. Bartlett's left hip was worsening. An x-ray showed stage IV avascular necrosis with collapse of the left femoral head. Dr. Dietz noted that Mr. Bartlett stated he was not yet ready for surgery.

On October 25, 2017, the Office of Judges reversed a claims administrator decision denying a reopening of the claim for temporary total disability benefits. The Office of Judges granted benefits from May 21, 2017, through July 12, 2017. It stated that Mr. Bartlett provided sufficient evidence showing that after he was found to be at maximum medical improvement, he suffered a progression of his compensable condition of avascular necrosis of the left hip.

On October 31, 2017, Dr. Manchin again treated Mr. Bartlett and determined that he was not at maximum medical improvement. He would be temporarily and totally disabled until at least February 5, 2018. The claims administrator suspended temporary total disability benefits on November 21, 2017. It stated that the medical evidence indicates Mr. Bartlett's condition will not improve without surgery. He was at maximum medical improvement until he undergoes the surgery. On November 27, 2017, treatment notes from Dr. Manchin indicate Mr. Bartlett recently fell. It was noted that his surgeon wanted him to build up the muscles around his left hip so that he could heal quicker when he has surgery. On December 11, 2017, Dr. Manchin wrote a letter stating that Mr. Bartlett was not at maximum medical improvement. He still required physical therapy and would need surgery in the future. Dr. Manchin completed a Disability Certificate on January 8, 2018, stating that Mr. Bartlett would be temporarily and totally disabled until January 15, 2018. The claims administrator approved eight weeks of physical therapy on March 7, 2018.

The claims administrator closed the claim for temporary total disability benefits on December 28, 2017. The Office of Judges reversed the decision in its May 1, 2018, Order and granted temporary total disability benefits from the date Mr. Bartlett last received them through January 15, 2018, and thereafter as substantiated by medical evidence. It determined that Dr. Manchin completed Disability Certificates stating that Mr. Bartlett was temporarily and totally disabled until at least January 15, 2018. He noted that Mr. Bartlett would require hip surgery in the future and needed physical therapy for strengthening. The Office of Judges found that the

3

claims administrator approved Dr. Manchin's request for eight weeks of physical therapy on March 7, 2018. The Office of Judges found that no medical evidence was submitted showing that Mr. Bartlett had or could return to work. The employer argued that he had reached maximum medical improvement because his condition will not improve until he has a total hip replacement. The Office of Judges concluded that the employer submitted no medical evidence showing that Mr. Bartlett is at maximum medical improvement. Further, in an October 25, 2017, Order, the Office of Judges found that Mr. Bartlett was temporarily and totally disabled until July 12, 2017, and thereafter as substantiated by medical evidence. The employer submitted no evidence that Mr. Bartlett reached maximum medical improvement after July 12, 2017. Mr. Bartlett, however, submitted medical evidence showing that he was being treated with physical therapy for strengthening prior to undergoing a total left hip replacement. The Office of Judges concluded that he met his burden of proof showing that he remained temporarily and totally disabled due to his compensable injury. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on December 3, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. An injured worker is entitled to temporary total disability benefits for the period in which they are unable to work as a result of a compensable injury. West Virginia Code § 23-4-1c (2009). Pursuant to West Virginia Code § 23-4-7a (2005), temporary total disability benefits will cease when the claimant has reached maximum medical improvement, has been released to return to work, or has returned to work, whichever occurs first. Mr. Bartlett has not returned to work, been released to return to work, or reached maximum medical improvement. He is currently undergoing physical therapy in preparation for left hip surgery. Mr. Bartlett has shown with credible medical evidence that he remains temporarily and totally disabled as a result of his compensable left hip injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board of Review's findings, reasoning and conclusions, there is insufficient support to sustain the decision. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 21, 2020**


**CONCURRED IN BY:**
Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison